# EXHIBIT C

Case 2:21-cv-05379-SK   Document 1-3   Filed 07/01/21   Page 2 of 6   Page ID #:13
21STCV21017
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stuart Rice

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2021 03:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

SCOTT A. MEEHAN, ESQ. sbn#139314
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
(818) 707-0338
sameehanlaw@gmail.com

Attorney for Plaintiff
David McLaughlin

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID McLAUGHLIN, | Case no. 21STCV21017 |
| Plaintiff, | COMPLAINT FOR UNFAIR COMPETITION |
| vs. | |
| HOMELIGHT, INC., and DOES 1 through 20, inclusive, | UNLIMITED JURISDICTION |
| Defendants. | |

Plaintiff David McLaughlin ("Plaintiff"), alleges as follows:

1. Defendant Homelight, Inc. caused damage to Plaintiff at 28976 S. Lakeshore Drive, Agoura Hills, California 91301.

2. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 20, inclusive, are unknown to Plaintiff. When Plaintiff learns their identity, Plaintiff will amend this Complaint to add them as named defendants.

3. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times material hereto, each defendant was the agent and/or partner and/or employee and/or alter ego of each other defendant and, in doing the things hereinafter alleged, acted within the scope and course of such agency and/or employment, and with the actual or apparent authority of the other defendants; and, each defendant ratified the acts of the other defendants.

I.

FIRST CAUSE OF ACTION:

UNFAIR COMPETITION

(15 U.S.C. §1125)

(Against all Defendants)

4. Plaintiff incorporates the allegations of paragraphs 1 through 3 above, and makes them a part of the instant cause of action as if fully set forth herein.

5. Defendants' website makes the following representations.

   A. It has "run the numbers" to identify the top real estate agents in Agoura Hills.

   B. "Homelight analyzes all 1570 Agoura Hills, CA real estate agents and compares them on their historical performance data. The top 3% of Agoura Hills real estate agents handle an average of 638 properties and move them in 44 days."

   C. "See how 20 of the top REALTORS® and real estate agents in Agoura Hills, CA stack up" immediately followed by profiles for Staphanie Vitacco, Mark Moskowitz, Jim Sandoval, Sara Mehrpouyan, Kathryn Christiansen, David Bartels, Stephen Christie, Lara & Natalie R. (Prime Realty), and Dave Walter (collectively, "Homelight Top Agents").

   D. "Agoura Hills has 1,570 active real estate agents, but how do you know which one is right for you? The top 3% of real estate agents in Agoura Hills move homes 32.32 days faster than the average agent and work 525.21 more properties."

   E. "Top real estate agents have more local expertise, prepare in-depth market analyses, and have industry connections that you can't find by yourself. They know your neighborhood like the back of their hand and use their market knowledge to sell your home faster then the average agent and for money."

   F. "Our data shows that the top 5% of listing agents sell homes for an much as (+9%) more than the average real estate agent. A great agent makes a difference when you buy a house, too: We've found that the top 5% of buyer's agents on average save their clients 2.5% more on their home purchase. So, whether you're in the market to find your dream home or sell your

2
COMPLAINT

house at a great price, the right agent matters. We encourage you to connect with a top real estate agent if you're buying or selling a home in Agoura Hills, CA."

G. "HomeLight analyzes all real estate agent in Agoura Hills to bring you custom, unbiased, data-driven recommendations. We use actual home sales transaction data to compare Agoura Hills real estate agent and will only introduce you to the top performing agents. They do not pay to advertise on our site and we do not pay to list them. To give you the best object recommendations, we consider things like: how fast a real estate agent sells, how many properties they work on, how much money they save or earn their clients, and what cities and neighborhoods they specialize in. You can trust that we'll match you with the right agents for your needs."

6. Defendant's representations are false on their face. The vast majority of the Homelight Top Agents have been involved in few, if any, real estate transactions in the City of Agoura Hills. In some cases, the identified real estate agents cannot even be classified as real estate agents in Agoura Hills, let alone "top real estate agents" in Agoura Hills. There is simply no analysis or data that would qualify the Homelight Top Agents as being "top real estate agents" in Agoura Hills. Further, Homelight's representations imply that there is no pay-for-play arrangement between it and Homelight's Top Agents. However, Plaintiff is informed and believes that each of the Homelight Top Agents are contractually bound to share and/or assign a percentage of their commission in the Homelight referral scheme.

7. The true facts are that Plaintiff has participated in more real estate transaction and has the highest total amount of gross sales in Agoura Hills over the past 20 years. Year over year, Plaintiff has been number one or two for number of real estate transactions and cumulative gross sales in Agoura Hills. However, despite objectively superior numbers, Plaintiff has never been described by Defendants as a "top agent" in Agoura Hills, California. Further, the Homelight Top Agents have no "historical performance data" to put them in the top 3% of real estate agents in Agoura Hills, California.

8. Defendants' use of false and misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Defendants' services.

9. Defendants' use of false and misleading representations of fact have the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

10. Defendants' false and misleading representations of fact are material because they are likely to influence the decision of the target consumer in hiring a real estate agent for the listing of their property for sale and/or choosing a real estate agent for the purchase of a home..

11. Plaintiff has been and continues to be injured by Defendants' false and misleading representations of fact through the diversion of real estate customers to inexperienced real estate agents/brokers and/or loss of Plaintiff's goodwill.

12. Defendants know that their representations of fact are false and misleading.

13. Defendants' false and misleading representations of fact in identifying the top real estate agents in Agoura Hills, California, were done with bad faith and malice or reckless indifference to Plaintiff's and consumers' interests.

14. Defendants bad faith false and misleading representations of fact regarding the identity of top real estate agents makes this an exceptional case within the meaning of 15 U.S.C. §1117.

15. Defendants continue to make false and misleading representations of fact regarding the identity of the top real estate agents in Agoura Hills, California, and will continue to do so unless enjoined by this Court as provided by 15 U.S.C. §1116.

16. Plaintiff is entitled to an award of Defendants' profits due to sales by the falsely and misleadingly represented "top real estate agents," any damages sustained by Plaintiff, and the cost of the action pursuant to 15 U.S.C. §1117.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them as follows:

1. For monetary damages estimated to be in excess of $500,000.00;

2. For attorneys' fees pursuant to 15 U.S.C. §1117;

3. For punitive damages;

4. For a preliminary injunction and permanent injunction enjoining defendants and

their servants, agents, and employees, and all such persons acting under, in concert with, or for them from continuing to identify novice and statistically unqualified individuals as "top real estate agents" in Agoura Hills on its website and to include Plaintiff as one of the "top real estate agents" in Agoura Hills on its website.

5. For costs of suit incurred herein; and

6. For such other relief as the Court deems just and proper.

DATED: June 4, 2021                    SCOTT A. MEEHAN, ESQ.


By: /s/*Scott A. Meehan*
Scott A. Meehan
Attorney for Plaintiff