UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCLAUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>HOMELIGHT, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05379-MCS-KES<br><br>**ORDER RE: MOTION TO DISMISS (ECF NO. 14)** |

Defendant HomeLight, Inc., moves to dismiss Plaintiff David McLaughlin's First Amended Complaint (FAC, ECF No. 13). (Mot., ECF No. 14.) McLaughlin filed an opposition brief, and HomeLight filed a reply. (Opp'n, ECF No. 16; Reply, ECF No. 19.) The Court heard oral argument on September 13, 2021.

**I.    REQUEST FOR JUDICIAL NOTICE**

HomeLight requests judicial notice of eight webpages—two news articles and six pages from its own website. (RJN, ECF No. 15.) McLaughlin does not oppose the request or question the authenticity of the documents attached thereto. (*See generally* Opp'n.)

The Court denies the request for judicial notice of the two news articles. (RJN Exs. 3–4, ECF Nos. 15-3 to -4.) HomeLight cites these articles solely to provide context about its business operations. (Mot. 1.) The Court does not need to consider this context to decide the motions.

The Court grants HomeLight's request to consider its webpages. (RJN Exs. 1–2, 5–8, ECF Nos. 15-1 to -2, -5 to -8.) The webpages are incorporated by reference into the FAC, which extensively reproduces statements from and refers to HomeLight's website in support of the false advertising claim. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." (internal quotation marks omitted)). The Court may consider the full webpages. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (considering webpages surrounding subject matter of lawsuit).

## II. BACKGROUND

This is an action for false advertising under the Lanham Act. According to the FAC, HomeLight analyzes home sales data to generate a list of the best-performing real estate agents in a given area. The website presents certain representations about its "custom, unbiased, data-driven recommendations." HomeLight's lists of the top real estate agents in Agoura Hills, California do not include McLaughlin, who asserts he is the agent with the highest number of transactions and gross sales in Agoura Hills over the past 20 years. McLaughlin alleges that HomeLight's website implies that it has no "pay-for-play" relationship with top agents on its lists. Contrary to this implicit representation, the real estate agents share part of their commission with HomeLight if HomeLight refers them. (*See generally* FAC.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

### A. Statutory Standing

HomeLight challenges McLaughlin's standing to sue under the Lanham Act. Courts apply a two-step inquiry to determine whether a claimant has statutory standing to bring a false advertising claim under the Lanham Act. First, the Court determines whether the claimant's interests falls within the "zone of interests" protected by the statute. Second, the Court considers whether the defendant's conduct proximately caused the alleged harm. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–34 (2014); *Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*, 399 F. Supp. 3d 1018, 1034 (C.D. Cal. 2019) (construing *Lexmark*).

HomeLight contends that McLaughlin brings this lawsuit as an aggrieved potential consumer of its real estate agent referral service, not as a direct competitor. (Mot. 5–7.) The Court agrees with HomeLight that McLaughlin does not plead facts supporting his conclusion that he and HomeLight are "direct competitors." (FAC ¶ 12.)

3

However, direct competition is not required; instead, "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. at 131–32; *see id.* at 136 (rejecting direct-competitor test). McLaughlin identifies his injuries as "the diversion of real estate customers to Defendants and their commercial partners and/or loss of Plaintiff's goodwill." (FAC ¶ 16.) These are commercial interests within the "zone of interests" protected by the statute. *Cf. GOLO, LLC v. Higher Health Network, LLC*, No. 3:18-cv-2434-GPC-MSB, 2019 U.S. Dist. LEXIS 18506, at *21–22 (S.D. Cal. Feb. 5, 2019) (finding diverted sales due to defendants' product review to be an injury to a commercial interest).

Nonetheless, McLaughlin fails to plead facts establishing that HomeLight's false advertisements proximately caused an injury to those commercial interests. McLaughlin must plead facts showing his injury "flow[s] directly from the deception wrought by the defendant's advertising"—that is, that the "deception of consumers causes them to withhold trade from the plaintiff." *Lexmark*, 572 U.S. at 133. McLaughlin alleges in summary fashion that HomeLight's conduct diverts potential consumers of his services to other real estate agents and tarnishes his goodwill. (FAC ¶¶ 12, 16.) McLaughlin avers that "he would have even more transactions but for the false and misleading statements of Defendants." (FAC ¶ 16; *see* Opp'n 4.) These are conclusory, speculative allegations of actual cause, not plausible, concrete allegations of proximate cause.

The allegations in the FAC undermine an inference of proximate cause. McLaughlin pleads that he conducted 12 real estate transactions in Agoura Hills in 2021, and that only two of the agents appearing on HomeLight's lists conducted real estate transactions in Agoura Hills this year. (FAC ¶ 9.) McLaughlin pleads no facts to suggest HomeLight, by publishing purportedly inaccurate lists of top real estate agents, caused the buyers and sellers in those transactions to retain those agents over him, or that he lost any other transactions to other agents because HomeLight did not feature him on its website. For example, McLaughlin does not plead any facts demonstrating that any clients or prospective clients viewed HomeLight's advertising, let alone that

4

the advertising influenced their decisions to retain him or another agent. (*See id.* ¶ 15 (stating that the advertising is "likely to influence" and "will influence" buyers and sellers of real estate without factual support and without pleading that any buyers or sellers actually were influenced).)

McLaughlin also does not plead any facts indicating how HomeLight's deceptive statements directly damaged his business reputation, or how its purported failure to disclose its "pay-for-play" relationships with featured agents injured him in any way. There are no plausible facts to support an inference of proximate cause. *Cf., e.g.*, *Maffick LLC v. Facebook, Inc.*, No. 20-cv-05222-JD, 2021 U.S. Dist. LEXIS 89930, at *15 (N.D. Cal. May 11, 2021) (finding allegations of proximate cause insufficient where "Maffick provided no clues about how the alleged deception . . . might have affected the economic decisions by Maffick's existing and potential customers, . . . and how those decisions caused a commercial injury to Maffick's sales or business reputation" (internal quotation marks omitted)); *Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, No. 5:17-cv-07076-HRL, 2018 U.S. Dist. LEXIS 91331, at *49 (N.D. Cal. May 31, 2018) (dismissing Lanham Act claim for lack of statutory standing in part because "the allegations suggest that patients continued to flock to the Hospital for healthcare as a result of Rocket Farms' alleged conduct").

The Court dismisses the FAC for failure to demonstrate that McLaughlin has statutory standing to pursue a Lanham Act claim. Although this issue is dispositive, the Court addresses HomeLight's other arguments in support of dismissal.

### B. Failure to State a Claim

HomeLight argues that McLaughlin has not stated facts supporting four of the five elements of his claim. To state a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must plead: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing

5

decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (footnote omitted).

McLaughlin has not adequately stated the damages element for the reasons identified in the Court's discussion of proximate cause. McLaughlin's allegations concerning a loss of real estate transactions and goodwill are conclusory and speculative. (*See* FAC ¶¶ 15–16.) He has not pleaded any nonconclusory facts from which it may be inferred that he lost or is imminently likely to lose clients, transactions, or goodwill due to HomeLight's advertising.

The Court focuses on HomeLight's argument that McLaughlin does not state facts demonstrating its advertising is literally false or misleading. (Mot. 11–14, 20–24.) "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms*, 108 F.3d at 1139. In addition, Lanham Act false advertising claims are subject to the heightened pleading standard of Rule 9(b). *See, e.g.*, *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013) ("District courts in the Ninth Circuit have held that the heightened pleading standard of Federal Rule of Procedure 9(b) applies to [Lanham Act] false advertising claims . . . ." (internal quotation marks omitted)). Rule 9(b) requires that a plaintiff plead "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration in original) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

McLaughlin pleads that HomeLight's lists are false because the listed agents are not "top" real estate agents in Agoura Hills. To illustrate the purported falsity,

6

McLaughlin avers that he made the most transactions in Agoura Hills in 2021, and that he participated in the most transactions and has the highest gross sales in Agoura Hills over the past 20 years. (FAC ¶¶ 9, 11.) McLaughlin's illustration presents a straw man fallacy; HomeLight's statements do not make any representations pertaining to transaction count or gross sales on their face or by necessary implication. (*See id.* ¶ 8.)

More broadly, McLaughlin does not plead any facts showing that HomeLight's identification of "top" agents is false or misleading. The terms "top," "best performing," and "top performing" do not signify any quantifiable, objective measure of agent performance. (FAC ¶ 8.) The website itself supports this interpretation. HomeLight features a nonexhaustive list of "20 *of the* top REALTORS® and real estate agents in Agoura Hills," does not rank the listed individuals, and does not order them by transaction count or gross sales. The website presents objective measures of agent performance, such as transactions completed, as well as subjective information, such as client reviews. HomeLight awards "[a]chievements" to individual agents that do not make any representations about gross sales or transaction count on their face. (RJN Ex. 7 (emphasis added).) McLaughlin does not plead facts showing that his omission from the list disproves HomeLight's representations that its lists are "data-driven," "unbiased," and the result of an analysis of "millions of home sales." (*Id.* Exs. 2, 7.)

The fact that McLaughlin, in his own estimation and by his own metrics, believes he is the number one agent in Agoura Hills does not show that HomeLight's lists of "top" agents, compiled using different measures of success, are literally false or likely to mislead or confuse consumers. HomeLight's lists emphasize both subjective and objective measures of real estate agent performance, and they do not exhaustively rank agents based on specific, quantifiable measures. The Court agrees with HomeLight that its identification of "top" agents is nonactionable puffery too nebulous and ambiguous to support a claim of false advertising. *See Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) ("[A] statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement

of fact while a general, subjective claim about a product is non-actionable puffery." (internal quotation marks omitted)); *cf., e.g.*, *King Tuna, Inc. v. Anova Food, Inc.*, No. CV 07-7451 ODW (JWJx), 2008 U.S. Dist. LEXIS 130747, at *19–20 (C.D. Cal. Mar. 18, 2008) (statements that products were of "top quality" and in "top condition" were nonactionable puffery); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2006 U.S. Dist. LEXIS 82027, at *15–16 (N.D. Cal. Oct. 31, 2006) (representation that product was "top of the line" amounted to nonactionable puffery); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1096–97 (C.D. Cal. 1999) (statement that "Lightworks systems are still favored by many of Hollywood's top editors" was nonactionable puffery).

McLaughlin does not respond to HomeLight's challenge to the "pay-for-play" component of his claim, indicating he concedes the challenge. (Opp'n 5.) *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."). The website clearly states that real estate agents HomeLight refers through its website provide a referral fee to HomeLight. (RJN Ex. 6.) HomeLight discloses its economic relationship with listed agents, so nondisclosure cannot support McLaughlin's claim.

At the hearing and in his brief, McLaughlin argued that the real estate agents on HomeLight's lists are not literally *in* Agoura Hills. (Opp'n 6.) This theory of falsity is not clearly pleaded in the FAC. (*See* FAC ¶ 16 (indicating that listed agents "cannot even be classified as real estate agents in Agoura Hills" without indicating which part of the classification is false).) McLaughlin does not give HomeLight fair notice of this component of the claim. *Twombly*, 550 U.S. at 555; *see also Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). In

8

any event, McLaughlin fails to plead facts establishing how the statement is false or misleading. *Cafasso*, 637 F.3d 1055. McLaughlin does not plausibly plead how identifying an individual as a "top real estate agent in Agoura Hills" on its face or by necessary implication means that the agent has a residence or office in Agoura Hills, or that the individual previously conducted transactions in Agoura Hills. These strained interpretations of the phrase are unconvincing. As the Court posited at the hearing, a more reasonable, obvious understanding of the phrase is that identified agents are willing and authorized to represent clients in Agoura Hills. McLaughlin conceded at the hearing that agents licensed in California are authorized to represent clients in Agoura Hills. Even if this theory were pleaded, it would not be plausible. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) ("[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." (internal quotation marks omitted)).

McLaughlin fails to plead facts demonstrating that any of HomeLight's statements are, or plausibly could be, literally false or misleading, so the Court need not consider HomeLight's challenges to the deceptiveness and materiality of the identified statements. (Mot. 14–17.)

    **C.    Doe Defendants**

HomeLight asks the Court to dismiss the Doe defendants. (Mot. 24.) McLaughlin does not respond to this argument. (*See generally* Opp'n.) The Court deems this component of the motion unopposed. *See John-Charles*, 646 F.3d at 1247 n.4; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16. Although asserting claims against fictitiously named defendants is proper in some circumstances, the practice is disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018). Local Rule 19-1 prohibits litigants from filing complaints with more than 10 fictitiously

named parties. The FAC names 20 Doe defendants without asserting any substantive allegations about their role in the alleged Lanham Act violation. (*See* FAC ¶ 6.) McLaughlin has not stated a plausible claim as to the Doe defendants, so the Court dismisses the claim against them. *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

McLaughlin already amended his claim once to allege additional facts to support his Lanham Act claim. Despite the amendment, McLaughlin failed to cure the deficiencies in the claim. Based on HomeLight's arguments in the motion, the Court concludes that McLaughlin's claim borders on frivolous. Having considered the arguments of counsel at the hearing on how McLaughlin would amend his claim if given the opportunity, the Court is satisfied that McLaughlin cannot plead facts to support a Lanham Act claim on the basis of HomeLight's advertising on its website. Weighing the *Foman* factors, the Court denies leave to amend in light of the futility of amendment and prior failure to cure deficiencies by amendment.

///

## V.  CONCLUSION

The Court grants the motion and dismisses the FAC without leave to amend and with prejudice. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: September 17, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE